UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY W. BROWN,<br><br>          Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,[1] Commissioner of Social Security<br><br>          Defendant. | 1:12-cv-01653 GSA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER EAJA IN PART**<br><br>**(Doc. 17)** |

Plaintiff Danny W. Brown ("Plaintiff") moves the Court to grant, under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), $ 4,349.95 in attorney fees and $ 19.80 in expenses.[2] The Acting Commissioner of Social Security, Carolyn W. Colvin ("the Commissioner" or "Defendant") objects to Plaintiff's motion, contending that the Social Security Administration's position was substantially justified at each stage in this matter, thereby precluding payment of fees and expenses under EAJA. The Commissioner argues, alternatively, that the requested amount of fees is excessive. Upon a review of the pleadings, the Court grants Plaintiff's motion but reduces the amount awarded in attorney fees to $ 3,366.36.[3]

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedures, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this action.

[2] Plaintiff also seeks an award of costs in the amount of $ 68.50, pursuant to 31 U.S.C. § 1304 and 28 U.S.C. § 1920.

[3] The matter was submitted for decision on the parties' briefs.

1

**BACKGROUND**

Plaintiff filed a complaint challenging the denial of benefits by an Administrative Law Judge ("ALJ"). Doc. 1. The Court issued a Scheduling Order outlining procedural steps and corresponding deadlines to be followed in this case. Doc. 7-1. In order to promote early settlement in social security cases, thereby saving time and resources for all parties, the Scheduling Order included a requirement that the parties exchange succinct, confidential letter briefs prior to submitting formal briefs with fully developed arguments to the Court. Doc. 7-1, ¶¶ 3-4. This process allows the parties to vet and discuss potential reasons for remanding the matter so as to obviate formal briefing and adjudication on the merits by the Court if the case can be resolved informally. Doc. 7-1, ¶ 5. The Scheduling Order indicates that an opening brief is to be filed with the Court only in the event that the Commissioner does not agree to remand the matter. Doc. 7-1, ¶ 6.

In this case, upon receipt of the Plaintiff's letter brief, the Commissioner agreed to remand the matter pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings and a new decision by the ALJ. Docs. 13, 14. Subsequently, based on a stipulation submitted by the parties, the Court issued an order remanding the case with instructions for the ALJ to (1) further develop the record with regard to Plaintiff's literacy and further consider Plaintiff's ability to read or write; (2) further evaluate the severity of Plaintiff's mental impairments; (3) further consider Plaintiff's residual functional capacity as appropriate; (4) secure supplemental evidence from a vocational expert to clarify the effect of the asserted limitations on Plaintiff's occupational base, as appropriate; and (5) update the record and consider the impact of Plaintiff's impairments in combination. Docs. 14, 15. The Court entered judgment in favor of Plaintiff and against the Commissioner. Doc. 16. Plaintiff then filed the instant motion for attorney fees, expenses and costs. Doc. 17.

**THE PARTIES' POSITIONS**

**A. Plaintiff's Motion**

In his instant motion, Plaintiff requests fees for 37.6 hours of attorney time at a 2012 EAJA hourly rate of $ 184.32, for a total attorney fee award of $ 6930.43.  The motion states that Plaintiff's counsel prepared an opening brief at the same time as the confidential letter brief. Doc. 17 at 4.  Thus, although this case was settled prior to the filing of formal briefs, the fees sought in the instant motion pertain to the time expended by counsel to prepare both briefs, with a few, limited reductions.[4]  Moreover, in the time records submitted by Plaintiff's counsel, the time expended on preparing the opening brief and the time spent on preparing the confidential letter brief is largely commingled.  Plaintiff argues that while his "request may have a facial appearance of being excessive, as the case was settled prior the filing of formal briefing," the "amount requested is reasonable for the effort expended on this case and the result obtained." Doc. 17 at 4 (citing *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012)).

**B. Defendant's Opposition**

Defendant filed an opposition to Plaintiff's motion for attorney fees, expenses and costs. Doc. 19.  Defendant emphatically objects to inclusion of the time spent on preparing the opening brief in any award for attorney fees.  Doc. 19 at 7 ("Obviously, since the agency agreed to remand based on Plaintiff's letter brief, the opening brief, a 26-page document (plus tables), was totally unnecessary.").  The government argues that just as an attorney "would not bill his client for work on a document that was never required or filed with the Court," here Plaintiff's counsel "cannot seek EAJA fees from the Government, i.e., the public fisc, for such an extraneous document." Doc. 19 at 7.  In essence the Commissioner argues that Plaintiff's attorney prepared the opening

---

[4] The "Time Sheet" submitted by Plaintiff's counsel indicates that a total of 43.7 hours were actually spent on preparing the opening brief and the confidential letter brief together.  Plaintiff seeks attorney fees for 37.6 hours, thereby voluntarily reducing the time for which compensation is sought here by 6.1 hours.

brief ahead of schedule at her own risk. Therefore, she "must bear the cost of performing this work." Doc. 19 at 7. Defendant submits that "an EAJA award of $ 3,000.00 would be more than adequate for attorney hours reasonably spent in this case." Doc. 19 at 9. Defendant further argues, in the alternative, that Plaintiff's motion for an award of fees and expenses under EAJA should be denied because the Commissioner's position (both at the level of adjudication by the ALJ and at the level of litigation in court) was substantially justified. Doc. 19 at 3, citing 28 U.S.C. § 2412(d)(1)(a) (EAJA is not an automatic fee-shifting statute and a prevailing party will not receive fees under EAJA if the Government's position was substantially justified).

**C. Plaintiff's Reply**

Plaintiff filed a reply in response to Defendant's opposition to his motion, offering the following "compromise:"

> Plaintiff submits an amended Time Sheet with this Reply further reducing the fee request. The amended time [sheet] reduces the hours billed for and resulting fees by an additional 14 hours, beyond the 6.1 already reduced. This reduction represents a deduction in hours from the time spent on elements of the Opening Brief that were not of utility in drafting the Confidential Letter Brief.

Doc. 20 at 4. After making this amendment, Plaintiff requests attorney fees for 23.6 hours of attorney time at a 2012 EAJA hourly rate of $ 184.32,[5] for a total attorney fee award of $ 4,349.95.[6] Doc. 20-1.

///

///

///

///

---

[5] Pursuant to 28 U.S.C. § 2412(d)(2)(A), the applicable statutory maximum hourly rates under EAJA, with cost of living adjustments, are $187.02 and $184.32 for attorney work performed in 2013 and 2012 respectively. Plaintiff requests $184.32 per hour for work performed by counsel in 2012 and 2013. The Court will modify Plaintiff's request so as to apply the rate of $184.32 to work performed in 2013 and $ 184.32 to work performed in 2012.

[6] Plaintiff also seeks expenses in the amount of $ 19.80 under EAJA, and costs in the amount of $ 68.50 pursuant to 31 U.S.C.§ 1304 and 28 U.S.C. § 1920. Docs. 20-1; 17-3.

# DISCUSSION

EAJA, 28 U.S.C. § 2412(d)(1)(A), provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

**A. The Commissioner's Position was not "Substantially Justified"**

**(1) Legal Standard**

An applicant for Social Security benefits attaining a remand under sentence four of 42 U.S.C. § 405(g) is entitled to attorney fees under EAJA, unless the Court finds that the Commissioner's position was "substantially justified" or that special circumstances make an award unjust. *Meier v. Colvin*, 727 F. 3d 867, 869-870 (9th Cir. 2013).

The government's position includes both its "litigation position and the underlying agency action giving rise to the civil action." *Id*. Thus if the underlying agency action, here the ALJ's determination, was not substantially justified, an award of attorney fees is warranted. *Id*. (if the underlying agency action was not substantially justified, the court must award fees and need not address whether the government's litigation position was justified). Alternatively, even if the government's position at the agency level was substantially justified, attorney fees are still warranted if the government's subsequent litigation position is not substantially justified. *Id*. "It is the government's burden to show that its position was substantially justified." *Id.* at 870.

"Substantial justification means justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Id*. (internal quotation marks and citation omitted). Put differently, in order to be substantially justified, "the government's position must have a reasonable basis both in law and fact." *Id*.

**(2) "Substantial Justification" Analysis**

The Commissioner clarifies in her opposition that the "impetus of the Commissioner's agreement to voluntary remand was Plaintiff's literacy, which the ALJ failed to explicitly discuss." Doc. 19 at 4. Here the record clearly reflects Plaintiff's claim that he cannot read or write, and has difficulty doing any kind of math. AR 45-46; 177; 198; 200; 212; 214; 216; 224; 250. The Plaintiff moreover was enrolled in special education programs in school. AR 45; 228.

The ALJ found at step four of the disability determination process that Plaintiff, for a number of reasons, could not perform his past relevant work. AR 26. Therefore, he was required to determine, at step five of the disability determination process, whether Plaintiff could perform other types of work. *See Perminter v. Heckler*, 765 F.2d 870, 871-72 (9th Cir. 1985) (per curiam); *Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001) ("If a claimant does not have the residual functional capacity to perform past relevant work, then it is the Commissioner's burden at step five to establish that the claimant can perform other work."). Absent other reliable evidence of a claimant's ability to perform specific jobs, "the Secretary must use a vocational expert" to make this determination. *Id.* at 872.

Here the ALJ relied on a vocational expert ("VE"). He posed several questions to the VE, so as to determine whether a hypothetical person with Plaintiff's limitations would be able to perform work in the regional and national economies. AR 65-70. Based on the hypotheticals posed by the ALJ, the VE testified that jobs did exist in the regional and national economies that a hypothetical person with Plaintiff's limitations could perform. AR 65-70. In light of the VE's testimony, the ALJ determined at step five that Plaintiff could perform work available in the regional and national economies. AR 27.

However, the ALJ failed to incorporate Plaintiff's alleged illiteracy into the hypothetical questions he posed to the VE. Under Ninth Circuit precedents, the ALJ's hypotheticals must

include all of a claimant's limitations. *See Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001) (the "[h]ypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant "); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) ("The most appropriate way to insure the validity of the hypothetical question posed to the vocational expert is to base it upon evidence appearing in the record, whether it is disputed or not."); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) ("Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant, including, for example, pain and an inability to lift certain weights.")(emphasis in original); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring) ("The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record.").

Since the ALJ did not include Plaintiff's claim of illiteracy into the hypotheticals considered by the VE, the VE's testimony cannot constitute substantial evidence to support the ALJ's step five finding. *See Gallant*, 753 F.2d at 1456 ("If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value."); *Lewis v. Apfel*, 236 F.3d at 517 ("If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value.").

The Commissioner nonetheless argues that the ALJ's step five determination and his ultimate decision of nondisability are "substantially justified," thereby precluding fee shifting pursuant to EAJA. Doc. 19 at 5. In support of this argument, the Commissioner points to a prefatory instruction given to the VE by the ALJ. Specifically, the ALJ instructed the VE to assume for purposes of all his questions that the hypothetical person at issue had the same background as the Plaintiff in terms age, education, language, and experience. Doc. 19 at 5. The

Commissioner asserts that this prefatory instruction arguably is sufficient to incorporate Plaintiff's claim of illiteracy into all the hypotheticals posed by the ALJ. Doc. 19 at 5. However, in light of Ninth Circuit cases that hold that the hypotheticals presented to the VE must incorporate all the limitations at issue, the Commissioner's argument is unpersuasive. Although Plaintiff's claim of illiteracy is evident in the record, it was barely referenced in Plaintiff's testimony at the ALJ hearing, and the ALJ did not reference it in summarizing Plaintiff's relevant history.[7] AR 45-46. Moreover, there is no evidence that the VE considered it in opining that jobs were available in the regional and national economies that Plaintiff was capable of performing. AR 45-46. Consequently, the Commissioner's position, in terms of the ALJ's determination, does not have a "reasonable basis in both law and fact," and, as such, it is not substantially justified. *See Meier v. Colvin*, 727 F. 3d at 870.

### B. Plaintiff is Entitled to Reasonable Attorney Fees

**(1) Legal Standard**

EAJA provides that the prevailing party in a civil action against the United States may apply for an award of attorney fees and expenses within thirty days of final judgment in the action. 28 U.S.C. §§ 2412(d)(1)(A) and (B); § 2412(d)(2)(A). An applicant for Social Security benefits attaining a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. *Shalala v. Schaefer*, 509 U.S. 292, 296-302 (1993).

Under EAJA, attorney fees must be reasonable. 28 U.S.C. § 2412(d)(1)(A); *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). The Ninth Circuit has held that the lodestar method should be used to determine a reasonable fee under EAJA. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). To calculate the lodestar amount, the court

---

[7] The ALJ stated that Plaintiff had a "learning disability." AR 46.

multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id*.; *also see Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983) ("The [Court] must determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation."). "Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal quotation marks and citation omitted). The applicant bears the burden of demonstrating the reasonableness of the request. *Blum v. Stenson*, 464 U.S. 886, 897 (1984).

The fee amount must be determined in light of the particular facts of each case. *Hensley*, 461 U.S. at 429. The court must provide a concise and clear explanation of the reasons for its attorney award calculation. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001); *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988) ("a brief explanation of how the court arrived at its figures will do). A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham*, 879 F.2d at 484; *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999) (the court has the obligation to exclude from the calculation any hours that were not reasonably expended on the litigation).

**(2) Lodestar Analysis**

Although generally courts must give deference to the "winning lawyer's professional judgment as to how much time he was required to spend on a case," in this case Plaintiff's counsel prepared an entire, formal opening brief addressed to the Court when such a brief was never filed and was not necessary in light of the Court's Scheduling Order and the Defendant's decision to voluntarily remand the case upon receipt of Plaintiff's informal letter brief. *Costa v. Comm'r of Soc. Sec. Admin*., 690 F.3d at 1136. Since the opening brief played no operative role in this litigation, the Court finds that most of the time spent on preparing the opening brief was

not reasonably expended for purposes of obtaining the favorable result of a remand in this case. However, the Court notes that preparation of the opening brief resulted in a streamlined process for generating the letter brief, allowing counsel to put it together more quickly than would otherwise have been possible.[8]

Plaintiff has voluntarily reduced some of the hours of attorney time he seeks compensation for, particularly in his reply to Defendant's opposition, wherein Defendant understandably complains about the redundancy of the opening brief in this matter. Plaintiff now seeks fees for 23.6 hours of attorney time for preparation of the informal letter brief, which triggered the voluntary remand in this case. Doc. 20-1.

The Court has exercised its discretion in determining the time reasonably expended in preparing the letter brief. The Court has reduced some of the hours of attorney time that Plaintiff seeks compensation for. Some of these hours remain redundant and not necessary strictly for purposes of preparing the letter brief. Moreover, the supporting documentation does not adequately reflect how much time was actually spent in preparing the letter brief, as Plaintiff's time sheet does not specifically separate out the time spent on preparing the opening and letter briefs respectively. *See Cunningham*, 879 F.2d at 484 (the court has the discretion to determine the number of hours reasonably expended in the litigation, and may reduce the number of hours claimed on the basis of "inadequate documentation" therefor).

The Court finds reasonable 3.3 hours expended by Plaintiff's counsel to review the ALJ decision and administrative record and draft the procedural history and fact statements. However, the Court finds 5.9 hours expended by counsel to research and write a "treating physician" argument included in the letter brief to be excessive, given that the legal issues in the argument are straightforward and the argument is less than one page long. *See Cunningham*, 879 F.2d at

---

[8] The time sheet provided by Plaintiff's counsel reveals that the informal letter brief was written after the entire formal opening brief was prepared, ahead of schedule. Doc. 20-1.

484 ("Among the factors that may justify a gap between the hours actually spent and the number of hours deemed reasonable are … the relative novelty and complexity of the issues raised."). Accordingly, the Court will award fees for 3 hours of attorney time for preparing this argument. Next, the Court finds 3 hours expended to prepare an argument regarding Plaintiff's mental impairments to be reasonable. The Court finds 5.6 hours to prepare very short arguments (less than half a page in total) regarding Plaintiff's credibility and lay witness evidence to be excessive; accordingly the Court will allow 4 hours for preparing these arguments. Plaintiff also requests fees for an additional 4 hours spent on preparing arguments to the effect that the ALJ committed error at steps four and five; the Court reduces the requested 4 hours to 3 hours in light of the manifest brevity of these arguments. Finally, the Court finds reasonable an additional 1.8 hours expended on finalizing the letter brief.

Therefore, in total the Court authorizes fees for 18 hours of attorney time. The applicable hourly rate is $ 187.02 as all work was performed in 2013. Plaintiff is thus entitled to an attorney fee award of $ 3,366.36.[9]

**ORDER**

Plaintiff's motion for attorney fees, expenses, and costs is GRANTED IN PART. Plaintiff is awarded $ 3,366.36 in attorney fees; $ 19.80 in expenses;[10] and $ 68.50 in costs,[11] for a total award of $ 3454.66. These attorney fees, expenses, and costs shall be paid to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010).

IT IS SO ORDERED.

---

[9] Plaintiff is also granted $ 19.80 in expenses and $ 68.50 in costs.

[10] *See* Doc. 20-1.

[11] *See* Doc. 17-3.

Dated:     **May 8, 2014**                              **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE